IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| PAUL G.,[1] | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:20-CV-268-H-BQ |
| | § | |
| KILOLO KIJAKAZI,[2] | § | |
| Acting Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND**
**RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Under Special Order 3-251, the United States District Judge referred this case to the undersigned United States Magistrate Judge for further proceedings. ECF No. 6. The parties did not unanimously consent to proceed before a magistrate judge.

Now before the Court is Defendant the Acting Commissioner of Social Security's Unopposed Motion to Reverse and Remand. ECF No. 27. For the reasons below, the undersigned recommends that the district judge **GRANT** Defendant's motion, reverse the Administrative Law Judge's (ALJ) decision, and remand this case for further administrative proceedings in accordance with sentence four of 42 U.S.C. § 405(g).

### I.  Discussion

Section 405(g) permits only two types of remand orders: "(1) remands pursuant to the fourth sentence, and (2) remands pursuant to the sixth sentence." *Melkonyan v. Sullivan*, 501 U.S.

---

[1] To protect the privacy of plaintiffs in social security cases, the undersigned identifies Plaintiff only by first name and last initial.

[2] Kilolo Kijakazi is now the Acting Commissioner of Social Security and is automatically substituted as a party under Fed. R. Civ. P. 25(d).

89, 98 (1991). Defendant in this case seeks remand under sentence four, which "authorizes a court to enter 'a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing,'" based on the pleadings and transcript of the record. *Id.* (quoting § 405(g)). "[A] sentence four remand requires the district court to enter a decision on the merits before remanding a case to the Commissioner." *Schriner v. Comm'r, Soc. Sec. Admin.*, No. 3:08–CV–2042–N (BF), 2010 WL 2941120, at *15 (N.D. Tex. June 22, 2010) (citing *Melkonyan*, 501 U.S. at 98), *R. & R. adopted by* 2010 WL 2944782 (N.D. Tex. July 22, 2010).

Defendant asks the Court to "enter an order and judgment reversing and remanding the ALJ's decision for further administrative proceedings pursuant to the fourth sentence . . . ." ECF No. 27, at 2. Plaintiff does not oppose Defendant's request. *Id.* at 3. Under these circumstances, remand under sentence four of § 405(g) is appropriate. *Sullivan v. Finkelstein*, 496 U.S. 617, 625 (1990) (providing that under sentence four, a district court may remand a case for rehearing and "such a remand order is a 'judgment' in the terminology of § 405(g)").

## II. Recommendation

The undersigned recommends that the United States District Judge **GRANT** Defendant's unopposed motion, **REVERSE** this case, and **REMAND** it to the Commissioner for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

## III. Right to Object

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2019); Fed. R. Civ. P. 72(b). To be specific, an objection

must identify the specific finding, conclusion, or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: August 27, 2021.

_____
D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE