IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| PAUL G.,[1] | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:20-CV-268-H-BQ |
| | § | |
| KILOLO KIJAKAZI, | § | |
| Acting Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND
RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Plaintiff Paul G.'s Unopposed Motion to Extend Time to file a motion for attorney's fees, and his Motion and Brief in Support of an award of attorney's fees filed in accordance with the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. ECF Nos. 31, 32.[2] The United States District Judge referred both motions to the undersigned United States Magistrate Judge for resolution. ECF No. 33.[3] Having considered the motions, procedural posture of this case, and applicable law, the undersigned recommends that the district judge grant Plaintiff's Unopposed Motion to Extend Time. ECF No. 31. Further, the undersigned finds that after

---

[1] To protect the privacy of plaintiffs in social security cases, the undersigned identifies Plaintiff only by first name and last initial.

[2] Page citations refer to the electronic page number assigned by the Court's electronic filing system.

[3] After the district judge referred both motions to the undersigned, the parties filed a notice consenting to proceed before a magistrate judge. ECF No. 35. However, the parties only consented to the magistrate judge conducting proceedings up to "entry of a final judgment." *Id.* The Court entered final judgment on September 16, 2021 (ECF No. 30), and Plaintiff filed the pending post-judgment motions on September 17 and 24. ECF Nos. 31, 32. Because the parties have not expressly consented to the magistrate judge's resolution of post-judgment motions, the undersigned enters the following findings, conclusions, and a recommendation out of an abundance of caution. *See* Fed. R. Civ. P. 54(d)(2)(D) (providing that a district judge "may refer a motion for attorney's fees to a magistrate judge under Rule 72(b) as if it were a dispositive pretrial matter"); 28 U.S.C. § 636(b).

reviewing Plaintiff's Motion and Brief in Support of an award of attorney's fees (ECF No. 32), it should be granted as well.

According to his Brief, Plaintiff seeks attorney and paralegal fees in the amount of $9,132.44 for 42.70 hours of collective work, representing a 2020 hourly attorney fee rate of $196.25[4] and a 2021 hourly attorney fee rate of $202.50.[5] ECF No. 32, at 2–4. Plaintiff also requests $400.00 and $12.60 in expenses and costs, respectively, for a total award of $9,545.04. *Id.* at 2, 4, 24. The Commissioner does not oppose Plaintiff's request. ECF No. 34.

Under the EAJA, a prevailing party in a "civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity" may recover costs. § 2142(a)(1). Moreover, under 31 U.S.C. § 1304, "[c]ertain costs, such as filing fees and fees for printing and copies, may be charged against the government of the United States, through the Office of the United States Attorney, and paid from the Judgment Fund by the Department of the Treasury." *Stacy G. D. v. Saul*, No. 3:18-CV-0204-BH, 2019 WL 4748395, at *4 (N.D. Tex. Sept. 30, 2019). "In an appeal of an adverse social security ruling, [w]hether the fault is that of the Administrative Law Judge, the Appeals Council, or the Commissioner's lawyers in court, the fault lies with the United States and the United States is liable for costs and fees." *Id.* (internal quotation marks and citation omitted).

---

[4] In the paragraph addressing his 2020 rate, Plaintiff's counsel provides a calculation to justify his "hourly rate of $196.25" but then states he "seek[s] fees at a rate of $201.25 for work performed in 2020." ECF No. 32, at 3 (emphasis omitted). His fee explanation document, attached as Exhibit C, supports the finding that Plaintiff's counsel used an hourly rate of $196.25 during his 2020 calculations (*id.* at 15–17), and this is the rate used by the Court.

[5] Plaintiff does not specify how many of the reported 42.70 hours were performed by paralegals, as opposed to attorneys. *Id.* at 2–4. Neither can the undersigned parse from Plaintiff's fee explanation document, which assigns hours only by initials, what tasks were performed by paralegals and at what hourly rate, although it does appear "M.Z. and Z.M." were billed at rates less than "R.S." (presumably Ryan Snow), whose rate equals that stated for an attorney. *Id.* at 15–24. Because the Commissioner does not object to Plaintiff's requested award (ECF No. 34), the Court finds the award is nevertheless reasonable.

The Court reversed the administrative law judge's decision and remanded this case for further proceedings consistent with sentence four of 42 U.S.C. § 405(g). ECF Nos. 29, 30. Plaintiff attributes his $400.00 in costs to filing fees for the Northern District of Texas, which includes both a filing and administrative clerk fee. ECF No. 32, at 24; *Fee Payment Schedule*, Northern District of Texas.[6] He also maintains that he incurred mailing expenses of $12.60. ECF No. 32, at 24. Thus, Plaintiff may receive $400.00 in costs and $12.60 expenses paid from the Justice Fund maintained by the Department of the Treasury under 31 U.S.C. § 1304. *See, e.g., Stacy G. D.*, 2019 WL 4748395, at *4 (awarding, inter alia, filing fees and postage expenses); *Campbell v. Berryhill*, No. 3:15-CV-3913-N-BH, 2017 WL 4404459, at *4 (N.D. Tex. Sept. 1, 2017), *R. & R. adopted by* 2017 WL 4351370 (N.D. Tex. Sept. 29, 2017).

## I. Recommendation

The undersigned finds that the requested attorney's fees, costs, and expenses are reasonable, and recommends that the United States District Judge grant Plaintiff's Unopposed Motion to Extend, grant Plaintiff's Motion for attorney's fees, and order the Commissioner to remit $9,132.44 in attorney and paralegal fees and $12.60 in expenses under the EAJA, and $400.00 in costs from the Justice Fund, payable to Plaintiff Paul G. and mailed in care of his attorney, Ryan T. Snow, at the Zendeh Del Law Firm PLLC at 7600 San Jacinto Pl., Ste. 200, Plano, TX 75024.

## II. Right to Object

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2019); Fed. R. Civ. P. 72(b). To be specific, an objection

---

[6] The Fee Payment Schedule is available at https://www.txnd.uscourts.gov/fee-payment-schedule (last visited Nov. 19, 2021). The administrative fee has increased since Plaintiff filed suit.

must identify the specific finding, conclusion, or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: November 23, 2021.

D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE